**Barbara WEEKS, Plaintiff,**

v.

**STATE OF MAINE, et al., Defendant.**

Civ. No. 94–0046–B.

United States District Court,
D. Maine.

Dec. 20, 1994.

Joyce A. Oreskovich, Sharon & Oreskovich, Portland, ME, for plaintiff.

Charles A. Harvey Jr., Verrill & Dana, Portland, ME, for defendant.

## ORDER

BRODY, District Judge.

Plaintiff Barbara Weeks was a Tax Examiner in the Enforcement Office at the State of Maine's Bureau of Taxation ("Bureau"). She claims that she was illegally retaliated against for filing sex and age discrimination complaints with the Maine Human Rights Commission and the Equal Employment Opportunity Commission. Her claims arise under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Maine Human Rights Act ("MHRA"). Plaintiff names the State of Maine and two of her superiors as Defendants. The individually named defendants are Stephen Murray, Director of the Bureau's Enforcement Division, and Elizabeth Dodge, Acting Director of the Enforcement Division. This Court has already granted in part and denied in part Defendants' Motion for Summary Judgment. 866 F.Supp. 601. The case is scheduled to go to trial in January.

Now, at this late date, the individual Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, they allege that Plaintiff's claims cannot proceed against Murray and Dodge because they do not qualify as "employer[s]" under the acts pursuant to which Plaintiff's claims arise. Thus, the individual Defendants assert that neither Title VII, the ADEA, nor the Maine Human Rights Act sanction suit against the supervisory employees of Defendant State of Maine's Bureau of Taxation.

## I. Title VII

■ Defendants argue that the case law interpreting Title VII exempts supervisory agents of employers from personal liability. (Defs.' Mem.Supp.Mot.Dismiss at 3 (citing, among others, *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991); and *Clanton v. Orleans Parish School Board*, 649 F.2d 1084, 1099 n. 19 (5th Cir.1981)).) Plaintiff responds that the plain language of the statute clearly contemplates such personal liability. (Pl.'s Mem.Opp'n Defs.' Mot.Dismiss at 3 (citations omitted).) As this Court has noted, the First Circuit has not decided whether a "supervisory employee falls within the comparable definition of 'employer' under Title VII." *Braverman v. Penobscot Shoe Company*, 859 F.Supp. 596, 602 (D.Me.1994) (citation omitted).

There is a split in authority on this issue. Some courts supporting the individual Defendants' argument suggest that a plaintiff suing under Title VII must choose between a suit against the employer *or* its individual agents. *See, e.g., Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993) ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly." (emphasis added) (quotation omitted)). Other courts take Plaintiff's position and base their analysis on the plain reading of the statute. *See, e.g., Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), *affirmed in part, reversed in part on other grounds*, 900 F.2d 27 (4th Cir.1990) ("An 'employer' includes 'a person engaged in an industry affecting commerce who has fifteen or more employees ..., *and any agent of such a person....*'" (quoting 42 U.S.C. § 2000e(b) emphasis in opinion)).

The relevant language of Title VII specifically exposes to liability "governments, governmental agencies, [and] political subdivisions." 42 U.S.C. § 2000e(a). In addition, the agents of these entities also fall "within the coverage of Title VII." *Curran v. Portland Superintending Sch. Comm.*, 435 F.Supp. 1063, 1073 (D.Me.1977). This conclusion is readily reached "by reference to the explicit statutory language of 42 U.S.C. § 2000e(a) & (b)." *Coffin v. South Carolina Dept. of Social Servs.*, 562 F.Supp. 579, 589 (D.S.C.1983) (citation omitted).

Despite the statutory language, the individual Defendants seek to avoid personal liability. They argue that, in general, supervisory employees will be sufficiently deterred from discrimination by the threat of discipline and/or dismissal. The Court is not persuaded. First, if the facts in this case are as Plaintiff alleges, then the individual Defendants were *not* deterred. Second, shielding workplace supervisors who discriminate from personal liability fails to further the expansive remedial goal of Title VII:

> The primary purpose of ... Title VII in particular, is remedial. Its aim is to eliminate employment discrimination by creating a federal cause of action to promote and effectuate its goals. To effectuate its purpose of eradicating the evils of employment discrimination, Title VII should be given a liberal construction. The impact of this construction is the broad interpretation given to the employer and employee provisions.

*Lamirande v. Resolution Trust Corp.*, 834 F.Supp. 526, 528 (D.N.H.1993) (quoting *Armbruster v. Quinn*, 711 F.2d 1332, 1337 n. 4 (6th Cir.1983)). The Court is persuaded that individual supervisory employees are subject to suit under Title VII. Accordingly, the Court denies Defendants' Motion to Dismiss with respect to Plaintiff's claim under Title VII against the individual Defendants.

### B. Age Discrimination in Employment Act

The individual Defendants also argue that Plaintiff failed to plead a claim with respect to her cause of action under the ADEA. Specifically, they contend that the statutory language "does not provide individual liability of supervisory employees of governmental agencies." (Defs.' Mem.Supp.Mot.Dismiss at 8.) Plaintiff responds that a supervisory employee may be liable regardless of whether he works in the private or public sector. There "is no compelling reason to distinguish between the liability coverage under Title VII and the ADEA." (Pl.'s Mem.Opp'n Defs.' Mot.Dismiss at 8.) In support of their argument, the individual Defendants argue that the ADEA does not specifically define, as employers, the agents of public employers; but it does define, as employers, the agents

of commercial employers. *See* 29 U.S.C. § 630(b).

Ordinarily, such an argument is persuasive on its face. As Plaintiff points out, however, the statute does not specifically *exempt* public sector supervisory employees from liability under the ADEA. Moreover, in the context of a discrimination lawsuit, where the broad remedial goal of the relevant statute is to deter discrimination in the workplace, the Court reads the statute broadly. *See, e.g., Coffin*, 562 F.Supp. at 589; *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979) (Blackmun, J., Concurring) (stating that the ADEA must be "liberally construed"). In *Braverman*, this Court decided that individual supervisory employees of *private* companies are subject to ADEA liability. 859 F.Supp. at 602. Reading the ADEA broadly, the Court concludes that supervisory employees in the *governmental* setting may be similarly exposed to liability under the ADEA. Accordingly, the Court denies the Defendants' Motion to Dismiss with respect to Plaintiff's claims against the individual Defendants under the ADEA.

### III. Maine Human Rights Act

"[T]his Court must interpret the Maine Human Rights Act ... consistent with federal discrimination law." *Braverman*, 859 F.Supp. at 606. Therefore, because the individual Defendants are not entitled to dismissal under Fed.R.Civ.P. 12(b)(6) with respect to Plaintiff's Title VII or ADEA claims, they are also not entitled to dismissal as to her claims under the MHRA.

### IV. Disposition

The individual Defendants' Motion to Dismiss is *DENIED.*

*SO ORDERED.*