**Joseph Donald QUIRON, Plaintiff,**

v.

**L.N. VIOLETTE CO. INC.,
et. al., Defendants.**

**Civ. No. 95–0136–B.**

United States District Court,
D. Maine.

Aug. 30, 1995.

Eric M. Mehnert, Hawkes & Menhert, Augusta, ME, for plaintiff.

Robert W. Kline, Portland, ME, for defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS

BRODY, District Judge.

Plaintiff, Joseph Donald Quiron, alleges that Defendants, L.N. Violette Co. and Kevin

Violette, terminated Plaintiff's employment and offered him substitute employment in violation of federal and Maine law. Specifically, Plaintiff's Amended Complaint alleges that Defendants' actions violated: the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"); Section 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a; and Section 4572 of the Maine Human Rights Act, 5 M.R.S.A. § 4572 ("MHRA"). Plaintiff also alleges that Defendant Kevin Violette is liable for both intentional and negligent infliction of emotional distress.

Defendants move, pursuant to Fed. R.Civ.P. 12(b)(1), to dismiss Plaintiff's age discrimination allegation for lack of federal subject matter jurisdiction. In addition, Defendants move, under Rule 12(b)(6), to dismiss Plaintiff's statutory claims against Kevin Violette for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.

## I. Federal Subject Matter Jurisdiction

Defendants first argue that this Court lacks federal subject matter jurisdiction over Plaintiff's age discrimination claim. Defendants assert that Plaintiff's Complaint pleads jurisdiction pursuant to "29 U.S.C. § 633(a)(c)," a section which does not exist in the U.S.Code. Plaintiff responds that his Complaint merely contains a typographical error misciting the proper provision, 29 U.S.C. § 623. The Court notes that Plaintiff correctly referred to Section 623 in the paragraph in the Complaint immediately preceding his statement of jurisdiction. The Court concludes that Plaintiff intended to plead jurisdiction under 29 U.S.C. § 623 rather than "§ 633(a)(c)." Therefore, the Court deems Plaintiff's jurisdictional statement to be appropriately amended. The Court has jurisdiction over Plaintiff's age discrimination claim. Defendants' Motion to Dismiss is denied with respect to their argument asserting lack of federal subject matter jurisdiction.

## II. Individual Liability of Kevin Violette

■ The Defendants next argue that Kevin Violette "must be dismissed from Plaintiff's Complaint since he is not subject to individual liability under the ADA (Count I), the ADEA (Count II), or the Maine Human Rights Act (Count III)." (Defs.' Mem. Supp. Mot. Dismiss at 2.)[1] Plaintiff counters that Kevin Violette may be held individually liable. Plaintiff relies on this Court's rulings in *Braverman v. Penobscot Shoe, Co.*, 859 F.Supp. 596 (D.Me.1994), *Weeks v. Maine*, 871 F.Supp. 515 (D.Me.1994), and on the plain language of the statutes pursuant to which he brings his claims.

In *Braverman*, 859 F.Supp. at 602, this Court held that a supervisory employee was subject to suit under both the ADEA and the ADA and noted that "the First Circuit has not decided whether a supervisory employee falls within the comparable definition of 'employer' under Title VII." *Id.* (citing *Lamirande v. Resolution Trust Corp.*, 834 F.Supp. 526, 528 (D.N.H.1993)). With respect to the language in the ADEA and the ADA, the *Braverman* decision noted that both statutes prohibit discrimination by employers in the workplace, and define the term "employer" as including any of its "agent[s]". *Id.* (citing the ADEA, 29 U.S.C. § 630(b), and the ADA, 42 U.S.C. § 12111(5)(A)). Therefore, Plaintiff asserts that Kevin Violette is himself subject to suit "because he acted as an agent for the company." (Pl.'s Mem.Opp'n Defs.' Mot. Dismiss at 3.) As Plaintiff also points out, this Court followed *Braverman*, in *Weeks v. Maine*, 871 F.Supp. 515 (D.Me. 1994). In *Weeks*, this Court found that "shielding workplace supervisors who discriminate from personal liability fails to further the expansive remedial goal of Title VII[.]" *Weeks*, 871 F.Supp. at 517 (citation omitted).

This Court has recently reexamined its position, however, in a pre-trial conference in *Singer v. Maine*, 865 F.Supp. 19 (D.Me. 1994). In *Singer*, the Court changed its position, in light of prevailing developments in federal case law, and held that an individu-

---

1. Even if the Court finds that Kevin Violette is not subject to suit under the ADA, the ADEA, or the MHRA, he is still a party-Defendant in light of Plaintiff's new claims of emotional distress as alleged in Counts IV and V of his Amended Complaint.

al supervisor is not subject to suit under either Title VII, the ADEA, or the MHRA. The Court was then, and is now, persuaded both by the number of recent decisions in this area, and by the rationale behind those decisions, that the agents of employers, including supervisory employees, are not subject to personal liability under the federal employment discrimination statutes. Defendants' Motion to Dismiss presents the Court with the opportunity to explain, and elaborate on, those case law developments behind the decision in *Singer*.

The Court's conclusion in *Singer* was based in part on the analysis in a recent Seventh Circuit case, *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995). In that case, the Seventh Circuit stated: "It is true that increasing the number of potentially liable defendants would increase deterrence[.]" *Id.* at 1282. The court went on to hold, however, that while "the employment discrimination statutes have broad remedial purposes and should be interpreted liberally, ... that cannot trump the narrow, focused conclusion we draw from the structure and logic of the statutes[ ]" that individuals are not subject to personal liability. *Id.*

The determination that individuals may not be sued under the federal employment discrimination statutes is supported by an analysis of Congress's intent as evidenced by the parallel language in each of the statutes. For example, the ADEA limits the scope of its applicability to businesses with twenty or more employees. 29 U.S.C. § 630(b). Similarly, the ADA, like Title VII, only applies to employers with fifteen or more employees. 42 U.S.C. § 12111(5)(A). These limits were included in the law "in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims." *Miller v. Maxwell's*

*Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). Given Congress's desire to protect small businesses, it does not follow that Congress intended to make individual supervisors in larger companies liable. *Howard v. Board of Educ.*, 876 F.Supp. 959, 970 (N.D.Ill.1995).[2]

Accordingly, this Court concludes that the ADA and the ADEA included "agents" in their definition of "employers," not so that agents would be individually liable, but "to ensure that courts would impose respondeat superior liability upon employers for the acts of their agents." *AIC Sec.*, 55 F.3d at 1281 (citing *Birkbeck*, 30 F.3d at 510). Including agents in the definition of "employer" simply allows "a plaintiff to recover ... by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby v. Orlando*, 931 F.2d 764, 772 (11th Cir.1991). In light of these analyses, this Court holds that individuals are not subject to suit under either the ADA or the ADEA.

■ The Court's holding in *Singer v. Maine*, 865 F.Supp. 19, that individual defendants are also not liable under state law requires further analysis. While the Maine Human Rights Act is generally interpreted in a manner "consistent with federal discrimination law[,]" *Braverman*, 859 F.Supp. at 606, the MHRA's definition of employer is broader than that provided in either the ADEA or the ADA. Specifically, the MHRA states that an employer "includes any person in this State employing any number of employees," as well as "any person acting in the interest of any employer, directly or indirectly[.]" 5 M.R.S.A. § 4553(4). Thus, businesses with fewer than fifteen employees, while immune from suit under the ADEA or the ADA, are

---

**2.** *See also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.) (It is "incongruous to hold that the ADEA does not apply to the owner of a business employing, for example, ten people, but that it does apply with full force to a person who supervises the same number of workers in a company employing twenty or more."), *cert. denied,* —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Smith v. Lomax*, 45 F.3d 402, 403–04 (11th Cir.1995) (individuals may not be sued under either Title VII or the ADEA); and *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.), (individuals not subject to suit under Title VII), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *but see Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir.1986) (individuals subject to suit under Title VII); and *Ball v. Renner*, 54 F.3d 664, 668 (10th Cir.1995) ("open question" whether individuals are subject to personal liability under Title VII).

not protected from litigation under the MHRA.

There are, however, some pertinent similarities between the ADA, the ADEA, and the MHRA. In particular, the MHRA, like its federal counterparts, is silent as to whether individuals are personally subject to suit. Moreover, while the ADA and ADEA's definitions of "employer," includes an "agent," the MHRA's definition of "employer" includes, "any person acting in the interest of any employer ..." 5 M.R.S.A. § 4553(4). Given these similarities, there is no need to depart from the standard practice of interpreting the MHRA in light of federal case law analyzing federal discrimination statutes. *Braverman*, 859 F.Supp. at 606; *see also Bowen v. Dept. of Human Services*, 606 A.2d 1051, 1053 (Me.1992) (appropriate to use "federal precedent as an aid in interpreting Maine's anti-discrimination provisions"). The Court concludes, therefore, that the inclusion in the MHRA of persons "acting in the interest of any employer," merely ensures that respondeat superior liability can be imposed upon Maine employers for the actions of their agents. Therefore, Kevin Violette is not subject to personal liability under the MHRA. Defendants' Motion to Dismiss is granted with respect to Plaintiff's statutory claims against Kevin Violette.

### III. Disposition

Accordingly, the Court *GRANTS* Defendants' Motion to Dismiss Plaintiff's claims, alleged under the ADA, the ADEA, and the MHRA, against Kevin Violette for failure to state a claim upon which relief can be granted. The Court *DENIES* Defendants' Motion to Dismiss Plaintiff's claims for lack of federal subject matter jurisdiction.

*SO ORDERED.*