# United States Court of Appeals

## For the First Circuit

No. 00-1093

LUTGARDO ACEVEDO LÓPEZ; MIGDALIA FUENTES-CABÁN; CONJUGAL PARTNERSHIP ACEVEDO-FUENTES,

Plaintiffs, Appellants,

v.

POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO; HÉCTOR QUILES, IN HIS PERSONAL AND OFFICIAL CAPACITY; PEDRO TOLEDO, IN HIS PERSONAL AND OFFICIAL CAPACITY; JOHN DOE, IN HIS PERSONAL AND OFFICIAL CAPACITY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., <u>Senior U.S.District Judge</u>]

Before

Torruella, <u>Chief Judge</u>,
Lipez, <u>Circuit Judge</u>,
and García-Gregory,* <u>District Judge</u>.

<u>Antonio Bauzá Torres</u>, for appellants.
<u>Leticia Casalduc-Rabell</u>, Assistant Solicitor General, with whom <u>Gustavo A. Gelpí</u>, Solicitor General, Department of Justice, and <u>Rosa N. Russe-García</u>, Deputy Solicitor General, were on brief for appellees.

April 26, 2001

* Of the District of Puerto Rico, sitting by designation.

**LIPEZ, Circuit Judge**.  After resigning because of his employer's failure to accommodate his back condition, Lutgardo Acevedo López sued the Police Department of Puerto Rico, alleging disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12771, and Puerto Rico law, 31 P.R. Laws Ann. § 1541. Specifically, Acevedo sued under Title I of the ADA, which authorizes money damages for illegal employment actions.[1]  The statute prohibits discrimination against qualified individuals with disabilities who can perform the essential functions of a job, with or without reasonable accommodation.  See 42 U.S.C. § 12112(a).  The protection covers the hiring, promotion, or discharge of employees, as well as employee compensation, occupational training, and other terms, conditions and privileges of employment.  See id.

On December 6, 1999, the district court granted summary judgment against Acevedo, dismissing the ADA claim with prejudice, and the pendant Puerto Rico law claims without prejudice.  See Acevedo-López v. Police Dep't of Puerto Rico, 81 F. Supp. 2d 293, 297 (D.P.R. 1999).  The court found that Acevedo had failed to establish a prima facie case of disability discrimination, concluding that he did not

---

[1] The statute prohibits discrimination against qualified individuals with disabilities who can perform the essential functions of a job, with or without reasonable accommodation.  See 42 U.S.C. § 12112(a).  The protection covers the hiring, promotion, or discharge of employees, as well as employee compensation, occupational training, and other terms, conditions and privileges of employment. See id.

have a disability within the meaning of the Act, see Bragdon v. Abbott, 524 U.S. 624 (1998), because the alleged major life activity that was impaired, driving, "is simply not on par with those basic, essential human functions that are within the contemplation of the ADA." Acevedo-López, 81 F. Supp. 2d at 297. We affirm the district court's summary judgment ruling on a different ground -- Puerto Rico's Eleventh Amendment immunity from suit for money damages under the ADA.

## I.

Acevedo López commenced service in the Puerto Rico police department in April 1993. In October 1994, Acevedo hurt his back while making an arrest, which resulted in a diagnosis of spondylolysis, a condition causing pain, inflammation, spasms and stiffness in the lower back. Although he was treated for his injury and returned to work, he relapsed in 1997 and sought medical treatment. Acevedo stopped working from November 13, 1997 to June 10, 1998, when a state insurance fund physician found him to be in good condition once again.

When Acevedo reported back to work, he notified the police department that his disability prevented him from traveling long distances by car. Acevedo requested transfer to a precinct closer to his home near Moca (a similar reassignment request had been granted in 1994). Nonetheless, the police department assigned Acevedo to Arecibo, which is about one hour by car from his home. Because Acevedo felt he could not make this commute without discomfort, he submitted his

resignation on June 12, 1998.  Six months after Acevedo's resignation, the state insurance fund issued a certificate stating that Acevedo should avoid long trips due to his back condition.  He filed this lawsuit on March 26, 1999.

## II.

Eleventh Amendment immunity can be raised at any time because of its jurisdictional implications.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984).  In the appeal to this court, the Police Department of Puerto Rico raised the Eleventh Amendment immunity issue for the first time.  See U.S. Const. Amend. XI.  The police department is an entity of the Commonwealth of Puerto Rico. "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects."  Ramírez v. Puerto Rico Fire Service, 715 F. 2d 694, 697 (1st Cir. 1983); see also Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1044 (1st Cir. 1988).  Recognizing that the issue of whether a state could be sued by an individual for damages under the ADA was before the Supreme Court, we issued an order on December 18, 2000, following oral arguments, staying the case until a decision was rendered.

The Supreme Court decided University of Alabama Board of Trustees v. Garrett, 121 S.Ct. 955 (2001), on February 21, 2001, holding that suits in federal court by state employees to recover money damages for a state's non-compliance with Title I of the ADA are barred

by the Eleventh Amendment. It reached this conclusion by invalidating the abrogation of the states' immunity by Congress pursuant to § 5 of the Fourteenth Amendment. See id. at 967-68.

In the wake of Garrett, we directed the parties to submit supplemental briefs assessing its impact on this case. The police department asserts that the Supreme Court's ruling bars "[p]laintiff-appellant's claim that the Puerto Rico Police Department did not accommodate his alleged disability" under Title I of the ADA and that the district court's dismissal of the suit must be affirmed. Acevedo argues that his suit survives because, based on the Commonwealth's own disability discrimination law, Law 44, Puerto Rico has waived its immunity from suit under the ADA.

"The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). The test for finding that a state has waived its Eleventh Amendment immunity is a stringent one. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985). A state's consent to suit in the federal courts must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. It must be "stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quotations omitted). Furthermore, "in order for a state

statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the state's intention to subject itself to suit in _federal court_." _Atascadero_, 473 U.S. at 241.

Given these rigid requirements, we are not remotely persuaded that Law 44 of Puerto Rico, codified at 1 P.R. Laws Ann. § 501, et. seq., constitutes a waiver of Eleventh Amendment immunity from suit under the ADA. While the Commonwealth prohibits employment discrimination on the basis of disability in a similar fashion as the ADA, there is no specific language indicating that Puerto Rico intends to make itself subject to damages suits in federal court for disability-based employment discrimination. Because Congress did not have valid authority to abrogate the states' immunity and because Puerto Rico has not waived its claim to Eleventh Amendment immunity, the Title I ADA claim for employment discrimination against the Police Department of Puerto Rico cannot survive.

## III.

This suit included actions against three officers of the Puerto Rico Police Department in their personal, as well as official, capacities. However, the basis for this personal capacity claim was never articulated in the plaintiff's briefs, at oral argument, or in his supplemental brief filed after _Garrett_. Because this personal capacity claim is completely undeveloped, we will not consider it. _See_ _United States_ v. _Zannino_, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues

-7-

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") We simply note that we have not resolved the question of whether personal capacity suits can be sustained under the ADA. However, several other circuit courts and three district courts within this circuit have held "that individuals are not subject to suit under [] the ADA." See Quiron v. L.N. Violette Co., Inc., 897 F. Supp. 18, 19 (D. Me. 1995); Vicenty Martell v. Estado Libre Asociado de P.R., 48 F. Supp. 2d 81, 87 (D.P.R. 1999); Miller v. CBC Companies, Inc., 908 F. Supp. 1054, 1065 (D.N.H. 1995); see also Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999); EEOC v. AIC Security Investigations, 55 F.3d 1276, 1282 (7th Cir. 1995).

## IV.

For the reasons stated, we affirm the district court's grant of summary judgment and its dismissal of Acevedo's ADA claim against the Police Department of Puerto Rico.

**Affirmed**.