STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-265

2002 OCT 22 P 8: 55 REC ~CUM~10/

PAMELA DAVIS,

Plaintiff,

v.

EMERY WORLDWIDE CORPORATION
and LYNN EASLER

Defendants.

ORDER ON DEFENDANT
LYNN EASLER'S
MOTION TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

OCT 29 2002

## FACTUAL BACKGROUND

Plaintiff Pamela Davis has been employed by Emery Worldwide Corporation (Emery) since July 12, 1999. From her date of hire until December 11, 2000, she worked as an outside salesperson in the Portland, Maine facility. During this period, Plaintiff's direct supervisor was General Manager Lynn Easler. In March of 2000, Plaintiff received a positive six-month evaluation and a $50 per week raise. Shortly after this evaluation, Plaintiff informed her employer that she was pregnant.

Plaintiff alleges that Defendants (Lynn Easler as well as other agents of Emery) made several derisive comments regarding her pregnant condition. For instance: on June 9, 2000, Ms. Easler asked, in reference to a doctor's appointment "Oh, how did it go? How about your weight?"; Ms. Easler jokingly stated to the Area Sales Manager, Roger Heunke, that the Plaintiff was "getting too big"; Mr. Heunke stated in a an email that the Plaintiff looked like "Fat Bastard" a character from a movie.

During her pregnancy, Plaintiff was told that she could no longer make outside sales calls, for fear that she could not close sales while "nine months pregnant." Originally, she was told that she would have the use of her company car during her maternity leave, as was the company's practice. Later Emery revoked that offer. On

September 5, 2000, Plaintiff received a one-year review by Ms. Easler in which she received poor marks and received no raise.

On December 6, 2000, while on maternity leave, Plaintiff filed a complaint with the Maine Human Rights Commission (MHRC) alleging discrimination on the basis of sex, perceived disability, pregnancy and retaliation against both Defendants. On December 11, 2000, upon her return to work, Plaintiff was told that her position was eliminated. She was offered an inside salesperson position in Portsmouth, New Hampshire. The new position was contingent upon her withdrawing her complaint. Plaintiff filed a continuing charge of discrimination with the MHRC. At the time of filing, Plaintiff was employed by Emery as an inside salesperson in the Portsmouth, New Hampshire office.

Defendant Lynn Easler, Plaintiff's immediate supervisor, seeks dismissal of all claims against her individually arguing that the there exists no individual liability under the Maine Human Rights Act (MHRA).

## DISCUSSION

A motion to Dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. Seacoast Hangar Condominium II Assoc. v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166, 1171. In examining the sufficiency of the complaint, the court reviews the alleged facts as having been admitted and views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. quoting New Orleans Tanker Corp. v. Dep't of Transportation, 1999 ME 67, ¶ 3, 778 A.2d 673, 674. Dismissal is appropriate if it appears beyond doubt that the plaintiff is not entitled to any relief as a matter of law. Id.

The MHRA prohibits employers from discriminating on the basis of sex, which specifically includes pregnancy. 5 M.R.S.A. § 4572-A(1),(2) (2002). The term

"employer" includes" any person in this State employing any number of employees" as well as "any person acting in the interest of any employer." 5 M.R.S.A. § 4553(4) (2002). The MHRA is silent as to whether supervisors may be held individually liable and the Law Court has yet to rule on the question. The United States District Court for the District of Maine has consistently construed the Act not to subject individual supervisors to liability. Gough v. E. Maine Dev. Corp., et al., 172 F. Supp.2d 221, 224-26 (D. Me. 2001) (rejecting identical arguments from plaintiff and interpreting MHRA "against the background of federal anti-discrimination statutes") quoting Percy v. Allen, 449 A.2d 337, 342 (Me. 1982); Quiron v. L.N. Violette Co. Inc., 897 F. Supp. 18, 21 (D. Me. 1995) (holding that the inclusion of "persons acting in the interest of any employer, merely ensures that respondeat superior liability can be imposed upon Maine employers for the actions of their agents.").

Plaintiff asserts that the Law Court has determined the MHRA allows for individual liability as evidenced by Gordan v. Cummings, No. CUM-99-254 (Me. Apr. 19, 2000), withdrawn, 2000 ME 68, 756 A.2d 942. Plaintiff argues that the withdrawal was purely on procedural grounds and that subsequent failed legislative attempts to provide an explicit individual liability exclusion compel a denial of Defendant's Motion to Dismiss. Withdrawn opinions of the Law Court are of no precedential value nor are inferences from failed legislative initiatives. Therefore, this argument is unpersuasive.

The entry is

The Defendant's Motion to Dismiss is GRANTED.

Dated at Portland, Maine this 21st day of October, 2002.

_____
Robert E. Crowley
Justice, Superior Court

PAMELA DAVIS - PLAINTIFF

Attorney for: PAMELA DAVIS
JAMES MCCORMACK
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: PAMELA DAVIS
NEAL PRATT
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: PAMELA DAVIS
BARBARA J GRADY
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


vs
EMERY WORLDWIDE - DEFENDANT

Attorney for: EMERY WORLDWIDE
PETER BENNETT
THE BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799


LYNN EASLER - DEFENDANT

Attorney for: LYNN EASLER
PETER BENNETT
THE BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799

SUPERIOR COURT
CUMBERLAND, ss.
Docket No PORSC-CV-2002-00265

DOCKET RECORD

Filing Document: COMPLAINT
Filing Date: 06/07/2002

Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS

## Docket Events:

06/10/2002 FILING DOCUMENT - COMPLAINT FILED ON 06/07/2002
AND JURY TRIAL DEMAND.

06/10/2002 Party(s): PAMELA DAVIS
ATTORNEY - RETAINED ENTERED ON 06/07/2002
Plaintiff's Attorney: JAMES MCCORMACK

07/01/2002 Party(s): EMERY WORLDWIDE