# United States Court of Appeals
## For the First Circuit

No. 02-1063

GEORGE BAILEY,
Plaintiff, Appellant,

v.

GEORGIA-PACIFIC CORPORATION,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Boudin, Chief Judge,

Gibson,* Senior Circuit Judge,

and Torruella, Circuit Judge.

Donald F. Brown, for appellant.
Charles Harvey, with whom Harvey & Frank, was on brief, for appellee.

October 9, 2002

---

* Hon. John R. Gibson, of the Eighth Circuit, sitting by designation.

**TORRUELLA**, __Circuit Judge__.  Plaintiff-appellant George Bailey seeks review of the district court's entry of judgment on his claim of disability discrimination.  Bailey's employer defends the rationale supporting the district court's decision and advances several alternate grounds on which it might prevail.  Although our reasoning differs from that of the district court, we affirm.[1]

## I.

George Bailey is an alcoholic who first began abusing alcohol in 1976.  Since then, he has intermittently sought counseling and treatment.  Unfortunately, these efforts have been unsuccessful, and recovery has eluded him.

Defendant-appellee Georgia-Pacific Corporation ("Georgia-Pacific") is a manufacturer and distributor of tissue, pulp, and paper products.  In 1987, Bailey began working as a paper handler at Georgia-Pacific's paper mill in Woodland, Maine.  Although Bailey's alcohol addiction persisted throughout his tenure as a Georgia-Pacific employee, he was generally able to fulfill his employment responsibilities.  A few exceptions are noteworthy.  Over the course of his employment, Bailey was regularly called upon to work overtime shifts.  On a small number of occasions, he had been drinking when he received such calls and declined to come in

---

[1]  Chief Judge Boudin votes to affirm the judgment on the ground set forth by the district court and sees no reason to reach the alternative ground addressed in this opinion.  The panel majority agrees that the district court's ground is correct but believes that the disability issue is the preferred ground for affirmance.

for the extra shifts.  Also, in August 1998, Bailey was sent home from work upon arrival one day because his supervisor believed that Bailey had been drinking.  This incident led Georgia-Pacific to place Bailey under a "last chance" agreement, the terms of which required him to attend counseling for alcohol abuse.[2]

Bailey's difficulties outside of work were far more serious.  Starting in 1985 and continuing for the next several years (including the time of his employment at Georgia-Pacific), Bailey accumulated numerous convictions for operating a motor vehicle while intoxicated ("OUI").  In February of 1999, Bailey was again arrested for OUI.  Pursuant to an agreement with prosecutors, Bailey pleaded guilty to the OUI charge and was sentenced on March 23, 1999, to serve a four-month term of incarceration.

The day after his sentencing, Bailey's criminal-defense attorney contacted Georgia-Pacific to ask whether the company would be willing to supervise Bailey if he returned to work as part of a work-release program.  Although Georgia-Pacific had previously supervised at least three other incarcerated employees on work-release, some convicted of felonies, they refused to do so for

---

[2]  Once an employee is exposed to severe disciplinary jeopardy, usually discharge, a "last chance" agreement may be offered by the employer or sought by a union representing the employee in an attempt to salvage the individual's job and rehabilitate him.  Such agreements are common in areas of drug and alcohol abuse, and generally provide that further instances of specified misconduct by the employee will result in termination.  See Elkouri & Elkouri, How Arbitration Works 920 (5th ed. 1997).

Bailey. Unable to take advantage of the work-release program, Bailey was forced to use his available vacation and sick leave while incarcerated. By the end of March 1999, however, his leave time had been depleted, and he was not due to be released until July. Georgia-Pacific notified Bailey of his termination in a letter dated April 1, 1999, explaining,

> Your attorney tells us that you will be incarcerated for a period of at least four more months. Your attorney may have informed you that the company is not interested in participating in a work release program for the period of your imprisonment.
>
> All Georgia-Pacific employees are expected to be available for work as scheduled. You have used all of your remaining vacation time since your incarceration began. Because you have not been and will not be available for work during your imprisonment, your employment is terminated for cause, effective today.

After exhausting the relevant administrative procedures, Bailey filed suit against Georgia-Pacific on February 21, 2001. His complaint contains three counts: Count I alleges that Georgia-Pacific violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; Count II is a cognate claim under the Maine Human Rights Act ("MHRA"), Me. Rev. Stat. tit. 5, §§ 4551-4634; and Count III is a common-law tort claim for negligent infliction of emotional distress.

Following discovery, Georgia-Pacific moved for summary judgment on all claims. The district court, assuming that Bailey was "a qualified individual with a disability" under both the ADA

and MHRA, concluded that Bailey had failed to adduce evidence that he was terminated because of his disability. <u>Bailey</u> v. <u>Georgia-Pacific Corp.</u>, 176 F. Supp. 2d 3, 9-10 (D. Me. 2001). The district court reasoned that Bailey had shown that Georgia-Pacific terminated him because of his alcohol-related misconduct, but that the ADA specifically allows employers to subject alcoholics to the same work rules applicable to non-alcoholic employees. <u>Id.</u> (citing 42 U.S.C. § 12114(c)(4)). The district court further determined that Georgia-Pacific was not required to participate in the work-release program as a reasonable accommodation to Bailey's alcoholism. <u>Id.</u> at 11. Finally, the court exercised its discretion to decline jurisdiction over Bailey's remaining state-law claim. <u>Id.</u> (citing 28 U.S.C. § 1367(c)). The district court entered judgment accordingly, and this timely appeal followed.

**II.**

**A. Standard of review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." <u>Feliciano</u>

de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5
(1st Cir. 2000).  We review the district court's ruling on summary
judgment de novo.  EEOC v. Unión Independiente de la Autoridad de
Acueductos y Alcantarillados de P.R., 279 F.3d 49, 55 (1st Cir.
2002).

## B.  Disability discrimination[3]

Title I of the ADA generally prohibits discrimination in
employment against qualified persons with disabilities.  42 U.S.C.
§ 12112(a).  In addition to forbidding disparate treatment of those
with disabilities, the ADA makes it unlawful for an employer to
fail to provide reasonable accommodations for the known physical or
mental limitations of otherwise qualified individuals with
disabilities, unless the accommodations would impose an undue
hardship on the operation of the business.  Id. § 12112(b)(5)(A);
see also García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638,
646 n.9 (1st Cir. 2000).

To establish a claim under the ADA, Bailey must prove by
a preponderance of the evidence: 1) that he was disabled within the
meaning of the ADA; 2) that he was qualified to perform the
essential functions of the job, either with or without a reasonable
accommodation; and 3) that the employer took adverse action against

---

[3]  The parties agree that this case does not touch upon any
important distinctions between the ADA and the MHRA.  We therefore
apply the same legal standards to Bailey's disability-
discrimination claims under both state and federal law.  See
Bilodeau v. Mega Indus., 50 F. Supp. 2d 27, 32 (D. Me. 1999).

him because of the disability. See Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002); García-Ayala, 212 F.3d at 646; Criado v. IBM Corp., 145 F.3d 437, 441 (1st Cir. 1998). For purposes of its opinion, the district court assumed, without deciding, that Bailey satisfied the first element of his claim -- namely, that he was disabled within the meaning of the ADA. However, Georgia-Pacific argues that Bailey cannot meet his burden of production on this element. We find Georgia-Pacific's argument on this account persuasive and affirm the judgment of the district court accordingly. See Burns v. State Police Ass'n of Mass., 230 F.3d 8, 9 (1st Cir. 2000) (noting that we "may affirm the entry of summary judgment on any sufficient ground revealed by the record").

The ADA defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Bailey argues that he is a qualified individual with a disability under each of the three definitions. We address seriatim Bailey's arguments on each definition.

### 1. Impairment substantially limiting a major life activity

We apply a three-part analysis when considering disability under § 12102(2)(A). First, we consider whether Bailey's condition constitutes a mental or physical "impairment." Bragdon v. Abbott, 524 U.S. 624, 631 (1998); Carroll, 294 F.3d at

-7-

238. Second, we identify the life activities upon which Bailey relies to determine whether they constitute "major life activities." Id. at 238. Major life activities are only those that are "of central importance to daily life." Toyota Motor Mfg., Ky., Inc. v. Williams, 122 S. Ct. 681, 691 (2002). Third, we must determine whether the impairment substantially limits the major life activity identified. Lebrón-Torres v. Whitehall Labs., 251 F.3d 236, 239-40 (1st Cir. 2001). To be substantially limiting, the impairment's impact must be permanent or long-term. Toyota Motor, 122 S. Ct. at 691. Bailey bears the burden of establishing each of these elements.

There is no question that alcoholism is an impairment for purposes of the first prong of analysis under the ADA.[4] See Evans v. Fed. Express Corp., 133 F.3d 137, 139 (1st Cir. 1998); see also Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46 (2d Cir. 2002), petition for cert. filed, 70 U.S.L.W. 3698 (May 03, 2002) (No. 01-1624); Miners v. Cargill Communications, Inc., 113 F.3d 820, 823 n.5 (8th Cir. 1997); Office

---

[4] While not specifically excluded from the ADA's protections, alcoholism is nevertheless treated differently than other impairments and disabilities. For example, the ADA specifically authorizes an employer to prohibit the consumption of alcohol at the workplace and require that employees not be under the influence of alcohol at work. 42 U.S.C. § 12114(c)(1)-(2). In addition, an employee suffering from alcoholism can be held to the "same qualification standards for employment or job performance and behavior" as other employees are held, "even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee. Id. § 12114(c)(4).

of the Senate Sergeant at Arms v. Office of Senate Fair Employment Practices, 95 F.3d 1102, 1105 (Fed. Cir. 1996). This conclusion is reinforced by the statute's legislative history. See H.R. Rep. No. 101-485(II), at 51 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 333 (noting that "physical or mental impairment" includes "drug addiction and alcoholism"); accord H.R. Rep. No. 101-485(III), at 28 (1990), reprinted in 1990 U.S.C.C.A.N. 445, 451.

Although Bailey's alcoholism qualifies as an "impairment," it does not follow automatically that Bailey is also "disabled" within the meaning of § 12102(2). See Toyota Motor, 122 S. Ct. 681, 690 ("Merely having an impairment does not make one disabled for purposes of the ADA . . . ."); Lessard v. Osram Sylvania, Inc., 175 F.3d 193, 197 (1st Cir. 1999) ("Under the ADA, not all impairments lead to protection."). Whether a person has a disability under the ADA is an "individualized inquiry." Sutton v. United Air Lines, Inc., 527 U.S. 471, 483 (1999) (citing Bragdon, 524 U.S. at 641-42). Thus, it is usually insufficient to submit evidence of a medical diagnosis of an impairment. See Toyota Motor, 122 S. Ct. at 691. An ADA plaintiff must offer evidence demonstrating that the limitation caused by the impairment is substantial in terms of his or her own experience. See id. at 691-92. Alcoholism is no exception; courts have generally refused to recognize alcoholism as a per se disability under the ADA. See Reg'l Econ. Cmty. Action Program, 294 F.3d at 47; Burch v.

-9-

Coca-Cola Co., 119 F.3d 305, 316-17 (5th Cir. 1997). Evidence that alcoholics, in general, are impaired is inadequate to show a substantial limitation of one or more major life activities. Burch, 118 F.3d at 316-17.

Bailey claims that his alcoholism substantially limits the major life activity of working.[5]  See 29 C.F.R. § 1630.2(i) (stating that major life activities include "working").  In order to prove that his impairment substantially interferes with the major life activity of working, Bailey must make a weighty showing. Proof that an individual cannot "perform a single, particular job does not constitute [proof of] a substantial limitation in the major life activity of working."  Lebrón-Torres, 251 F.3d at 240; see also Santiago-Clemente v. Executive Airlines, Inc., 213 F.3d 25, 32 (1st Cir. 2000) ("To be substantially limited in the major life activity of working, [the plaintiff] must be precluded from more than a particular job.").  Instead, Bailey must prove that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as

---

[5]  We note that there is some doubt as to whether the Supreme Court will ultimately accept "working" as a major life activity under the ADA.  See Sutton, 527 U.S. at 492 (assuming without deciding that working constitutes a major life activity but observing the "conceptual difficulty in defining 'major life activities' to include work").  But we assume here, as we have done before, that Bailey has identified a valid major life activity.  See Carroll, 294 F.3d at 238-39 (accepting arguendo that working is a major life activity); Gelabert-Ladenheim v. Am. Airlines, Inc., 252 F.3d 54, 58 (1st Cir. 2001) (same).

-10-

compared to the average person having comparable training, skills and abilities."  29 C.F. R. § 1630.2(j)(3)(i) (emphases added); accord Carroll, 294 F.3d at 239-40; Whitney v. Greenberg, Rosenblatt, Kull & Bitsoli, P.C., 258 F.3d 30, 33 (1st Cir. 2001). Bailey's summary judgment evidence is not up to this ambitious a task.

Proof that one is limited in the ability to perform either a class or broad range of jobs would usually entail evidence concerning the accessible geographic area, the numbers and types of jobs in the area foreclosed due to the impairment, and the types of training, skills, and abilities required by the jobs.  See 29 C.F.R. § 1630.2(j)(3)(ii)(A)-(C); see also Duncan v. Wash. Metro. Area Transit Auth., 240 F.3d 1110, 1115-16 (D.C. Cir.) (en banc) ("[T]he ADA requires a plaintiff . . . to produce some evidence of the number and types of jobs in the local employment market in order to show he is disqualified from a substantial class or broad range of such jobs . . . ."), cert. denied, 122 S. Ct. 49 (2001). By contrast, all that Bailey's evidence establishes is that he experienced difficulties in a single job.  Even then, these difficulties were isolated and, for the most part, not momentous.

For example, the record shows that Bailey was occasionally unable to accept overtime shifts, yet there is no indication that such assignments were required for continued employment or that declining overtime adversely affected Bailey's

-11-

standing with his employer. The record also shows that, on a single occasion, Bailey was sent home by his employer for having allegedly consumed alcohol just before his shift. Even when viewed in the light most favorable to Bailey, these isolated problems cannot be seen as substantially limiting his ability to work in his own job, much less in a class or broad range of jobs. See Santiago-Clemente, 213 F.3d 25 at 32-33 (concluding former flight attendant failed to show temporary hearing loss was disability under ADA because she offered "no evidence of how many jobs call for this ability, or that she was precluded from any class of jobs"). Moreover, to the extent his later alcohol-related incarceration prevented him from performing in a broad range of jobs, the inability to work was only short-term in nature and therefore was not a substantial limitation. See Toyota Motor, 122 S. Ct. at 691. Hence, we conclude that Bailey's alcoholism was not a "disability" within the meaning of § 12102(2)(A).

## 2. Record of disability

Bailey also contends that he is entitled to the protection of the ADA under § 12102(2)(B), which defines a disability as having "a record" of a disability under § 12102(2)(A). The purpose of this provision is largely to protect those who have recovered or are recovering from substantially limiting impairments from discrimination based on their medical history. See H.R. Rep. No. 101-485(II), at 52 (1990), reprinted in

1990 U.S.C.C.A.N. 330, 334. To qualify as disabled under § 12102(2)(B), Bailey must prove that he has a history of, or has been misclassified as having, an impairment that substantially limited a major life activity. 29 C.F.R. § 1630.2(k).

Bailey's evidence cannot create a genuine dispute of fact on this issue. Although there is doubtlessly a record of Bailey's impairment of alcoholism, along with records of various problems arising from Bailey's addiction, there is no evidence of records indicating that Bailey's alcoholism significantly interfered with a major life activity, such as working. "A record or history of an impairment is not sufficient to show disability; the record must be of an impairment [that] substantially limited a major life activity." 9 Lex K. Larson, Employment Discrimination § 153.04[4], at 153-51 (2d ed. 2001); see also Santiago-Clemente, 213 F.3d 25 at 33 ("[T]he recorded impairment must be one that substantially limited a major life activity."). We therefore conclude that Bailey cannot establish a disability under § 12102(2)(B).

### 3. Regarded as disabled

Finally, Bailey argues that his employer "regarded" him as disabled. See 42 U.S.C. § 12102(2)(C). As the Supreme Court observed in Sutton:

> There are two apparent ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered

-13-

>entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual -- it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.

527 U.S. at 489. Bailey argues that Georgia-Pacific correctly regarded him as having the impairment of alcoholism but mistakenly believed that his alcoholism significantly interfered with the major life activity of working. See 29 C.F.R. § 1630.2(l).

A plaintiff claiming that he is "regarded" as disabled cannot merely show that his employer perceived him as somehow disabled; rather, he must prove that the employer regarded him as disabled within the meaning of the ADA. See Giordano v. City of N.Y., 274 F.3d 740, 748 (2d Cir. 2001). Since Bailey contends that Georgia-Pacific perceived him to be substantially limited in the major life activity of working, he must show that he was perceived as being unable to work in either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skills, and abilities. See 29 C.F.R § 1630.2(j)(3)(i).

Here, the evidence shows that Georgia-Pacific believed, at most, that Bailey was unable to meet the requirements of his particular job, primarily because Bailey's temporary incarceration would prevent him from reporting for work before he depleted his

-14-

accrued leave time.  Since Bailey adduces no evidence that his employer thought he was unfit for either a class or a broad range of jobs, his "regarded as" claim of disability must fail.  See Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 524 (1999) (concluding that summary judgment is proper where ADA plaintiff fails to show that he is "regarded as unable to perform a class of jobs").

## III.

For the reasons stated above, the judgment of the district court is **affirmed**.