# United States Court of Appeals
## For the First Circuit

No. 02-2568

JAMES WHITLOCK,

Plaintiff, Appellant,

v.

MAC-GRAY, INC.; DALE INGERSOLL,

Defendants, Appellees,

MICHAEL WINGARDEN,

Defendant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. George O'Toole, Jr., U.S. District Judge]

---

Before

Torruella, Circuit Judge,

Lipez, Circuit Judge,

and Schwarzer,[*] Senior District Judge.

---

Paul A. Gargano was on brief for appellant.
Bradford J. Smith, with whom Jeffrey S. Siegel, was on brief for appellees.

---

October 6, 2003

---

[*]Of the Northern District of California, sitting by designation.

**SCHWARZER**, <u>**Senior District Judge**</u>.     James Whitlock ("Whitlock") appeals the District Court's summary judgment for his employer, Mac-Gray, Inc. ("Mac-Gray"), on his claims of workplace discrimination and hostile and abusive work environment in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213.  The District Court found that Whitlock had failed to proffer evidence that he suffered an impairment that substantially restricted his ability to perform a whole range of comparable jobs or that Mac-Gray regarded him as having such an impairment, and concluded that he thus failed make out a *prima facie* case of discrimination or harassment under the ADA.  The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291.  For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mac-Gray, a national provider of card- and coin-operated laundry services in multiple-housing facilities, employed Whitlock in its Parts and Shipping Department from 1978 until July 2001. Whitlock was diagnosed with attention deficit hyperactivity disorder ("ADHD") in 1997, and was prescribed the drug Ritalin to help him concentrate and focus.  To accommodate his impairment, Mac-Gray allowed Whitlock to construct partitions around his workspace and, for a time, to use an AM/FM radio to block background noise.

In November 1998 Mac-Gray reorganized its Parts and Shipping Department and moved Whitlock from the first to the second (or mezzanine) floor of its warehouse. This relocation required dismantling of Whitlock's partitions. Mac-Gray also ordered removal of Whitlock's radio because of coworkers' complaints.

In response to these changes, Whitlock took short-term disability leave. He returned to work on July 15, 1999. He was permitted to resume use of a radio and to install partitions around his workspace. On the recommendation of Whitlock's doctor, Mac-Gray also permitted him to work only four days a week with no overtime.

Whitlock filed this action on March 22, 2000. He continued to work, though frequently calling in sick, until September 29, 2000, when he left on a second short-term disability leave. On February 21, 2001, Whitlock's doctor, Dr. Joseph McCabe, wrote a memorandum "to whom it may concern" stating that due to Whitlock's psychiatric illness "he is presently totally disabled" and that he had "advised the patient not to attempt to return to employment at Mac-Gray." In July 2001 Whitlock left his employment permanently.

**STANDARD OF REVIEW**

We review a summary judgment de novo, construing the record in the light most favorable to the nonmoving party and resolving all reasonable inferences in that party's favor. See

-3-

Feliciano de la Cruz v. El Conquistador Resort and Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

## DISCUSSION

Whitlock contends on appeal that he is disabled by reason of having been diagnosed with ADHD. He argues that his ADHD substantially limits a major life activity, namely, his ability to work. To function in the workplace, he argues, required that he be accommodated by being placed behind partitions that blocked visual distractions and permitted use of a radio to block competing noises. On this evidence he contends a jury would decide that he was disabled.

Whitlock's evidence may establish that he has an impairment, but not that he is disabled for purposes of the ADA. "It is insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of an impairment." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002). "'[W]hen the major life activity under consideration is that of working, the statutory phrase "substantially limits" requires . . . that plaintiffs allege that they are unable to work in a broad class of jobs.'" Id. at 200 (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999)); see also Santiago Clemente v. Executive Airlines, 213 F.3d 25, 32 (1st Cir. 2000) (stating that "to be substantially limited

in the major life activity of working, [the plaintiff] must be precluded from more than a particular job.").[1]

Whitlock has offered no such evidence. Indeed, Whitlock concedes in his deposition that he was capable of performing his work despite his ADHD and that Mac-Gray believed he could do his job. He admitted that he taught himself to use Mac-Gray's new computer system, that he "got pretty good at it," and that Mac-Gray "placed great trust in his abilities."

Whitlock's other evidence does not suffice to raise a triable issue that his impairment substantially restricts his ability to perform a class or broad range of comparable jobs. As noted above, a diagnosis alone does not establish a disability within the meaning of the ADA. See Toyota Motor, 534 U.S. at 198; Calef v. Gillette Co., 322 F.3d 75, 86 (1st Cir. 2003) ("Merely pointing to a diagnosis of ADHD is inadequate."). Nor is Dr. McCabe's conclusory assertion of total disability–an assertion lacking elaboration and support in the record–sufficient to make the individualized showing of Whitlock's particular limitations required by Toyota. See Gonzalez v. El Dia, Inc., 304 F.3d 63, 74 (1st Cir. 2002) (holding "highly conclusory" physician testimony that fails to document "precisely how [plaintiff's] ability to work

---

[1]We assume, without deciding, that working may constitute a major life activity for purposes of the ADA. See Carroll v. Xerox Corp., 294 F.3d 231, 239 n.7 (1st Cir. 2002).

-5-

has been affected by her impairments" insufficient to prove existence of disability under the ADA).

We also reject Whitlock's claim that he meets the definition of "disabled" under 42 U.S.C. § 12102(2) because his employer regarded him as such.  To support such a claim Whitlock must come forward with evidence that the employer perceived him as "precluded from more than a particular job."  See Murphy v. UPS, 527 U.S. 516, 523-25 (1999).  Whitlock offers no such evidence.  He cites only the "continuing dialogue" between Mac-Gray and his physician regarding his impairment, and the fact that the company agreed to Whitlock's requested accommodations.  The record demonstrates without dispute, however, that Mac-Gray regarded Whitlock as capable of performing his job.

**CONCLUSION**

For the reasons stated, we affirm the judgment of the District Court.

**AFFIRMED.**