Norma Cameron SANTIAGO, Plaintiff,

v.

**GMD AIRLINE SERVICES, INC., Defendant.**

**Civil No.:07–1669 (DRD).**

United States District Court, D. Puerto Rico.

.Jan. 26, 2010.

Emilio F. Soler–Ramirez, Santurce, PR, for Plaintiff.

Lydia M. Ramos–Cruz, Lausell & Carlo, PSC, San Juan, PR, for Defendant.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

### I. PROCEDURAL HISTORY

The instant case involves claims of discrimination and failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 *et seq.*, along with several claims arising under the laws of Puerto Rico, over which this Court exercises supplemental jurisdiction. Currently before the Court is Defendant's *Motion for Summary Judgment* (Docket No. 34), which Plaintiff failed to timely oppose.[1] The Court referred the instant motion to Magistrate Judge Bruce McGivern on October 15, 2009 (Docket No. 51), and he entered a *Report and Recommendation* (Docket No. 60) on December 16, 2009.

In his *Report and Recommendation,* the Magistrate recommended that Defendant's motion for summary judgment be granted as to the federal claims, and that the claims arising under the law of Puerto Rico be dismissed without prejudice. Spe-

---

1. Although Plaintiff ultimately filed an *Opposition to Motion for Summary Judgment* (Docket No. 42) in the instant case, it was filed one month and nineteen days after the deadline set by the Court for filing. Accordingly, the Court deemed Defendant's *Motion for Summary Judgment* unopposed (Docket No. 48) so as to prevent prejudice to Defendant, who had followed the Court's scheduling orders. Ultimately, in order to further clarify this decision on the record for the Magistrate, the Court struck Plaintiff's *Opposition to Motion for Summary Judgment* from the record (Docket No. 59).

cifically, the Magistrate found that Plaintiff was not "disabled" for purposes of application of the ADA. Additionally, the Magistrate, having found that "attendance is an essential function of any job," determined that Plaintiff's frequent absenteeism prevented her from establishing the second prong of the prima facie case of discrimination as well. That is to say, the Magistrate determined that no question of fact existed as to the second prong, which asks whether Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodations. Additionally, the Magistrate determined that, even if Plaintiff had made a showing of the first two elements of the prima facie case, her claim would fail because there was no evidence of pretext or discriminatory animus on the record. Finally, the Magistrate addressed the alleged failure—to—accommodate claim in the instant case. Although the Magistrate noted that Plaintiff failed to properly plead this claim under Fed.R.Civ.P. 8(a)(2), out of an abundance of caution, he also addressed the merits of this claim, ultimately finding that, because Plaintiff has not shown herself to be "disabled" for the purposes of the ADA, she cannot prevail on this second claim as a matter of law.

On December 23, 2009, the day when her response to the *Report and Recommendation* was due, Plaintiff filed a *Motion for Extension of Time* (Docket No. 61) to file her objections to the *Report and Recommendation,* which the Court granted in part (Docket No. 62), resetting Plaintiff's deadline for objecting to the *Report and Recommendation* to January 4, 2010.

On January 4, 2010, Plaintiff filed her *Objections to Report and Recommendation* (Docket No. 66). In this short motion, Plaintiff raises several objections to the *Report and Recommendation.* First, Plaintiff contests the Magistrate's finding of fact that she was never diagnosed with pancreatitis, nor with migraines.[2] Additionally, Plaintiff alleges that the *Report and Recommendation* failed to include an EEOC physical handicap discrimination claim filed on August 7, 2009 within its recitation of the factual background of the case, as well as the allegation that Plaintiff rebutted the written reprimands which she received. Further, Plaintiff alleges that the Magistrate erred when he analyzed Plaintiff's alleged disability under the third definition of "disability" as Plaintiff had failed to properly plead either the first or second definitions of "disability" in her *Complaint* (Docket No. 1). Further,

---

**2.** Notably, it is in support of this objection and one other that Plaintiff provides her only references to documents, which allegedly provide evidentiary support for her arguments. The other objection for which Plaintiff purports to provide evidentiary support is an objection on page 4 of her *Objections to Report and Recommendation,* where Plaintiff cites to a Spanish-language exhibit, failing to even direct the Court to the correct page of that exhibit in its search for her alleged evidentiary support. The Court will not consider such an improperly-supported assertion of fact. *See Gonzalez–De–Blasini v. Family Dept.,* 377 F.3d 81, 89 (1st Cir.2004) (holding that the "district court should not have considered any documents before it that were in the Spanish language."); *see* L.Civ.R.

56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also Morales v. A.C. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001)("We have recently reiterated, with reference to this particular rule, that parties ignore it at their own peril, and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.")(internal quotations omitted). All other objections made by Plaintiff rely wholly upon her own unsupported assertions and conclusory statements.

Plaintiff objects to the Magistrate's decision that the facts in the instant case fell short of those required to fulfill the "regarded as" definition of "disability" for the purposes of an ADA claim. Next, Plaintiff claims that the *Rios–Jimenez v. Principi,* 520 F.3d 31 (1st Cir.2008) case cited by the Magistrate is "inapposite" to the case at hand. Additionally, Plaintiff draws the Court's attention to *Ward v. Mass. Health Research Institute, Inc.,* 209 F.3d 29 (1st Cir.2000), which it believes belies the Magistrate's findings regarding the "otherwise qualified" analysis in the instant case. Finally, Plaintiff broadly alleges that the Magistrate erred when he found that Plaintiff did not assert a reasonable accommodation claim in her *Complaint.*

Upon a thorough *de novo* review of the record, the Court finds that the Magistrate's findings of fact, as well as the conclusions drawn therefrom are correct. Accordingly, the Court hereby adopts and incorporates by reference the Magistrate's *Report and Recommendation in toto,* **GRANTING** Defendant's *Motion for Summary Judgment.* The Court elaborates below.

## II. REFERRAL TO MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* FED. R.CIV.P. 72(b); Local Rule 72(a); *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. *See* Local Rule FED.R.CIV.P. 72(b); 72(d). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that

[A]ny party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992); *see also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Borden v. Sec. of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). Because Plaintiff timely filed an opposition to the Magistrate's *Report and Recommendation,* the Court will review *de novo* only the objected-to portions.

## III. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324–325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Telephone Co.,* 110 F.3d 174, 179 (1st Cir.1997). A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.*

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." *Cortes–Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes,* 116 F.3d 957, 959–60 (1st Cir.1997). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prod.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. *See Poller v. Columbia Broad. Sys.,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also Pullman–Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) ("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also Dominguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir. 2000) (finding that "determinations of motive and intent ... are questions better suited for the jury"). Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996).

Moreover, "[i]f the adverse party does not [file an opposition], summary judgment, if appropriate, shall be entered against the adverse party." FED.R.CIV.P. 56(e). Failure to timely oppose a motion for summary judgment, in and of itself, does not justify entry of summary judgment against a party; therefore, a District Court is "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." *Kelly v. U.S.,* 924 F.2d 355, 358 (1st Cir.1991); *see also Lopez v. Corp. Azucarera de Puerto Rico,* 938 F.2d 1510, 1517 (1st Cir. 1991) (holding that, before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). Thus, a party that fails to oppose a motion for

summary judgment does so at its own peril. *See Corrada Betances v. Sea–Land Svc., Inc.*, 248 F.3d 40, 43 (1st Cir.2001); *see also Hebert v. Wicklund*, 744 F.2d 218, 223 (1st Cir.1984). However, even though there is no opposition to a summary judgment, the Court must entertain the motion on the merits and may not grant the motion as a sanction for failure to file an opposition. *See de la Vega v. San Juan Star*, 377 F.3d 111 (1st Cir.2004).

## IV. FACTUAL BACKGROUND

When analyzing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. *See Cadle Co.*, 116 F.3d at 959–60. The Court will not consider hearsay statements nor allegations presented by parties that do not properly provide specific reference to the record. *See* L.Civ.R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also A.C. Orssleff's EFTF*, 246 F.3d at 33 (finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); *see also Garside v. Osco Drug*, 895 F.2d 46, 50 (1st Cir.1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").

■ The Court finds it necessary to note that, as Plaintiff did not file a timely opposition[3] to Defendant's motion for summary judgment, the only contradiction to the facts as presented by Defendant in its motion and accompanying statement of uncontested material facts at present comes from Plaintiff's *Objections to Report and Recommendation.* Unfortunately, even in this motion, Plaintiff fails to provide the Court with any evidence which the Court may properly consider to contradict Defendant's motion for summary judgment. In fact, the only references to evidence even made by Plaintiff while objecting to the Magistrate's findings of fact is a vague reference to medical records which it alleges contradict the Magistrate's finding regarding Plaintiff's lack of a confirmed diagnosis, and a reference to a Spanish-language exhibit. Additionally, Plaintiff claims in a conclusory manner that "Ms. Cameron['s] medical records show multiple pancreatitis diagnoses" and that these records "evince diagnosed frequent migraine and migraine headaches over extended periods of time." Further, Plaintiff alleges that the records to which she makes reference in her opposition were not included in Defendant's motion for summary judgment. However, as Plaintiff fails to provide these medical records, the Court cannot base its finding of facts upon Plaintiff's assertions, which she allegedly bases upon these records, as to do so would be to decide a motion for summary judgment based on conclusory statements unsupported by citations to the record. *See Ayala–Gerena*, 95 F.3d at 95; *see also Morales*, 246 F.3d at 33; Local Rule 56(e). Likewise, Plaintiff's assertion that the Magistrate's findings of fact did not include an August 7, 2009 EEOC claim is entirely unsupported by reference to the record and is not properly considered when deciding this motion for summary judgment as this EEOC claim is not currently on the record. *See id.* Additionally, as Plaintiff cited only to Spanish-lan-

---

**3.** The Court notes that Plaintiff's untimely opposition to the *Motion for Summary Judgment* was stricken from the record, and, thus, the Magistrate correctly refused to consider the submission when entering the *Report and Recommendation;* likewise, it is improper for the Court to consider it at the present time.

guage evidence contained in the record to support her allegations that her employers regarded her as disabled, the Court cannot allow this allegation to negate Defendant's properly supported contentions to the contrary, which were properly supported with English-language evidence. *See Gonzalez–De–Blasini*, 377 F.3d at 89. Thus, as Plaintiff has presented no evidence which the Court may properly consider at this time, the Court must draw the factual background from the record as established at the time of review by the Magistrate in order to proceed with the summary judgment inquiry. *See Kelly*, 924 F.2d at 358.

Upon careful review of the Defendant's *Motion for Summary Judgment*, the Magistrate's *Report and Recommendation*, and the record as it stood at the time of the Magistrate's review, the Court finds that the Magistrate accurately presented the uncontested facts in his *Report and Recommendation*. Accordingly, the Court hereby adopts them *in toto* and incorporates them by reference.

## V. ADA CLAIMS

Under the Americans with Disabilities Act, employers are generally prohibited from discriminating against qualified persons with disabilities in the workplace. *See* 42 U.S.C. § 12112(a). Specifically, the statute provides that employers shall not "discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees and other terms, conditions, and privileges of employment." *Id.* For the purposes of interpreting this statute, "discriminate" includes an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). The statutory meaning of "disability" under the ADA is "(1) a physical or mental impairment that substantially limits one or more of a person's major life activities; (2)

a record of having such an impairment; or (3) being regarded as having such an impairment." *Sanchez–Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 214 (1st Cir.2008).

■ The actual "existence of a disability [must] be determined in ... a case-by-case manner" for the purposes of fulfilling the requirements of the first definition of "disability" under the ADA. *Toyota Motor Mfg. Kentucky, Inc. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Accordingly, "[w]hether a person has a disability under the ADA is an individualized inquiry." *Bailey v. Georgia–Pacific Corp.*, 306 F.3d 1162, 1167 (1st Cir.2002) (internal quotations omitted). The Supreme Court has established that having an impairment is, in itself, insufficient to warrant protection under the ADA. *Toyota*, 534 U.S. at 198, 122 S.Ct. 681. A plaintiff must also show that the impairment has a substantial effect on a major life activity. *Id.* Accordingly, evidence of an impairment which is supported only with a medical diagnosis or conclusory assertions of disability by a physician are insufficient to show disability for the purposes of the ADA. *See id.*; *Whitlock v. Mac–Gray, Inc.*, 345 F.3d 44, 46 (1st Cir. 2003). Rather, a plaintiff must submit "evidence that the extent of the limitation caused by [her] impairment in terms of [her] own experience is substantial." *Toyota*, 534 U.S. at 198, 122 S.Ct. 681. "A substantial limitation cannot include any impairment which interferes in only a minor way with the performance of manual tasks, and the phrase major life activities refers only to those activities which are of central importance to daily life." *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 176 (1st Cir.2003). Although working may be considered a major life activity, in order to be considered disabled, plaintiff must show that she is "precluded from more than the performance of a particular job." *Guz-*

man–Rosario v. United Parcel Service, Inc., 397 F.3d 6, 11 (1st Cir.2005). Rather, plaintiff must make the "weighty showing" that she "is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Bailey, 306 F.3d at 1168 (quoting 29 C.F.R. § 1630.2(j)(3)(i))(internal quotation omitted). In order to fulfill the requirements of the second definition of "disability" under the ADA, plaintiff must show that she has a "record" of "disability," which is defined as having a "history of, or [having] been misclassified as having, an impairment that substantially limit[s] a major life activity." Id. at 1169.

■ The Supreme Court has stated that there are two ways in which a plaintiff may fulfill the statutory requirement for "being regarded" as having an impairment where she can not fulfill the requirements of either the first or the second definitions of "disability." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Either "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." Id. Accordingly, "A plaintiff claiming that he is regarded as disabled cannot merely show that [her] employer perceived [her] as somehow disabled; rather, [she] must prove that the employer regarded [her] as disabled within the meaning of the ADA." Bailey, 306 F.3d at 1169. Thus,

> [i]n order to establish a [discrimination] claim under the ADA, a plaintiff must prove the following three elements by a preponderance of the evidence: first, that she is *disabled within the meaning of the ADA* ... second, that with or without reasonable accommodation she was a qualified individual able to perform the essential functions of the job; and third, that the employer discharged her because of her disability.

Mulloy v. Acushnet Co., 460 F.3d 141, 145–46 (1st Cir.2006)(internal quotations and citations omitted)(emphasis ours). Where, as here, a plaintiff can not prove this prima facie case directly, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), provides the plaintiff an opportunity to prove her case indirectly. See Jacques v. Clean–Up Grp., Inc., 96 F.3d 506, 511 (1st Cir.1996). Under the McDonnell Douglas framework,

> a plaintiff must first prove by the preponderance of the evidence that he or she (i) *has a disability within the meaning of the Act;* (ii) is qualified to perform the essential functions of the job, with or without reasonable accommodations; (iii) was subject to an adverse employment action by a company subject to the Act; (iv) was replaced by a non-disabled person or was treated less favorably than non-disabled employees; and (v) suffered damages as a result.

Jacques, 96 F.3d at 511 (emphasis ours); see also Orta–Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 111 (1st Cir.2006). When opposing a properly supported motion for summary judgment, a plaintiff bears the burden of establishing each of the elements of the ADA prima facie case of discrimination, including the existence of disability. See Bailey, 306 F.3d at 1166.

As in the ADA discrimination claim outlined above, the prima facie case of failure to accommodate under the ADA requires that the plaintiff show that she is a *qualified individual with a disability under the meaning of the ADA. Orta–Castro,* 447 F.3d at 112. Further, a plaintiff must show that the employer knew of the plain-

tiff's limitations and failed to accommodate them. *Id.* Finally, the employer's failure to accommodate must have affected the terms, conditions or privileges of the plaintiff's employment. *Id.* Thus, the requirement of "disability" is paramount under both the discrimination and failure to accommodate claims created by the Act.

■ In her *Objection to Report and Recommendation,* Plaintiff's primary argument centers around an attempt to discredit the Magistrate's finding that she was not disabled under the meaning of the ADA. For the reasons set forth below, the Court agrees with the Magistrate's *Report and Recommendation* and finds that Plaintiff, in fact, does not suffer from a "disability" pursuant to the meaning attributed to this term under the ADA. Therefore, the Court agrees with the Magistrate's finding that Plaintiff can not make out a prima facie discrimination or failure to accommodate claim under the ADA. Accordingly, the Court hereby adopts and incorporates by reference the Magistrate's findings *in toto.* Out of an abundance of caution, however, the Court will further address Plaintiff's objection to the Magistrate's determination that she did not suffer from a "disability," providing an analysis of the sufficiency of Plaintiff's allegations as to this element of the prima facie cases which she seeks to fulfill.

Plaintiff's primary dispute concerns the Magistrate's findings regarding the third definition of "disability" contained in his *Report and Recommendation,* that is the

"regarded as" by the employer definition. Plaintiff's objections to the Magistrate's finding that she is not disabled under this definition rest upon bald, unsupported allegations and convoluted legal arguments. Accordingly, the Court finds no means by which the Court may provide these objections credence as the Court may not deny a properly supported motion for summary judgment based upon such conclusory allegations, but rather must depend on evidence contained in the record properly cited by the non-moving party. *See Ayala–Gerena,* 95 F.3d at 95; *see also Morales,* 246 F.3d at 33. Plaintiff has not shown that any evidence exists that questions the Magistrate's finding that Plaintiff did not meet the requirements for the "regarded as" definition of "disability." Furthermore, even if evidence existed to disprove the Magistrate's findings, Plaintiff has still failed to provide it for the record even at this late stage. Therefore, Plaintiff has not placed the Court in a position to analyze her argument that, contrary to the Magistrate's findings, and contrary to the evidence on record which was available at the time when the Magistrate entered his *Report and Recommendation,* she meets the "regarded as" definition of "disabled" for the purposes of presenting a prima facie case of discrimination under the ADA. Accordingly, upon a careful and *de novo* review of the facts available on the record as applied to the prima facie ADA discrimination case, the Court finds that the Magistrate's findings on the "regarded as" definition are accurate.[4] Accordingly,

---

4. Regarding the third definition of "disability" under the ADA, the Magistrate decided that Plaintiff fell "far short" of meeting her required showing that Defendant perceived her to be substantially limited in a major life activity. *See Whitlock v. Mac–Gray, Inc.,* 345 F.3d 44, 46 (1st Cir.2003). Specifically, the Magistrate found correctly that Plaintiff "failed to provide *any evidence* that the decisionmakers at GMD knew of the alleged severity of her pancreatic condition, or that they

regarded her as disabled." *Report and Recommendation,* p. 15 ¶ 2 (emphasis ours). However, the Magistrate found that Defendant did provide affirmative evidence to the contrary, showing that decisionmakers were, in fact, unaware of Plaintiff's alleged conditions. *Id.* As Plaintiff provides no evidence in her objection to the *Report and Recommendation* that would contradict this correct finding of fact, the Court sees no reason why it should

Plaintiff has failed to meet her burden of establishing "disability" under this third definition.

■ Plaintiff contests the Magistrate's determination that she failed to assert claims under the first and second definitions of "disability" under the ADA. Plaintiff argues that she invoked application of these definitions like a cloak over her "regarded as" claim by including the words "employment discrimination because of physical handicap" in her *Complaint.* Plaintiff attempts to further support her objection to the Magistrate's finding that she did not assert a claim under these two meanings of "disability" with reference to medical records in which doctors allegedly discuss Plaintiff's medical conditions. Unfortunately, Plaintiff fails to point to evidence on the record which, in any form, supports the contention that such records even exist. Thus, the Court cannot accept these bald allegations of fact unsupported by the record to overcome Defendant's properly supported motion for summary judgment. *See Ayala–Gerena,* 95 F.3d at 95; *see also Morales,* 246 F.3d at 33. Even if the Court were to accept Plaintiff's unsupported allegations regarding her diagnosis with various illnesses, this alone would be insufficient to support her claim that she suffered from a "disability" as recognized by the ADA. *See Whitlock,* 345 F.3d at 46.

The Court agrees with the Magistrate's determination that Plaintiff failed to properly plead with any specificity an ADA discrimination claim under the first two definitions of "disability" in her *Complaint.* Specifically, Plaintiff fails to even allege that she was substantially limited in any major life activity or that a record of such an alleged impairment exists. The Magistrate correctly quoted *Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988),

for the proposition that "[j]udges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly or else forever hold its peace." *Report and Recommendation* p. 13 ¶ 3. Even in her *Opposition to Report and Recommendation,* Plaintiff has utterly failed to even allege that she was substantially limited in any major life activity or that a record of such an impairment exists, let alone produce any evidence in support of her contentions. Accordingly, the Court can not find that Plaintiff has even properly pled either of the first two definitions of "disability," let alone met her "weighty" burden of showing that she is "significantly restricted in [her] ability" to perform a major life activity, such as working, in order to overcome Defendant's properly-supported motion for summary judgment. *See Bailey,* 306 F.3d at 1168.

For the reasons set forth above, the Court finds that the Magistrate determined correctly that Plaintiff has not met the required threshold burden of showing that she has a "disability" as that term is defined for the purposes of applying the ADA. Specifically, the Court agrees with the Magistrate's statement that

> In sum, there is no evidence in the record that the decisionmakers at GMD knew that [Plaintiff] suffered from various health conditions amounting to a disability under the ADA. As such, GMD could not have discriminated against Cameron based upon her medical condition, or her perceived medical condition, under the terms of the ADA. Finally, there is no evidence in the record to support the contention that decisionmakers regarded [Plaintiff] as disabled.

*Report and Recommendation,* p. 17 ¶ 2. As Plaintiff has failed to meet this first element of the prima facie case of discrimination under the ADA, the Court must find

not agree with the Magistrate's findings and

adopt them *in toto.*

that summary judgment for the Defendant is appropriate in the instant case. *See Mulloy v. Acushnet,* 460 F.3d 141, 154 n. 8 (1st Cir.2006)(finding that where Plaintiff failed to meet one element of the prima facie ADA case, the Court need not discuss the other elements as Plaintiff's case must necessarily fail). Consequently, as the Plaintiff has failed to establish "disability" for the purposes of the ADA reasonable accommodation claim, the Court must find that summary judgment is also appropriate with regards to the accommodation claim.

Finally, the Court dismisses without prejudice Plaintiff's supplemental state law claims arising under the laws of Puerto Rico. *See Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995)(finding that dismissal of supplemental state-law claims is appropriate where there is an "unfavorable disposition of a plaintiff's federal claims" before trial).

For the reasons stated above, the Court hereby **GRANTS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.** Accordingly all Plaintiffs' claims are hereby **DISMISSED.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**