NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2014[*]
Decided April 24, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3453

| | |
|---|---|
| CONSTANTINE DACTELIDES, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
|     *v.* | |
| | No. 3:12-CV-230 CAN |
| BOARD OF SCHOOL TRUSTEES OF | |
| SOUTH BEND COMMUNITY SCHOOL | Christopher A. Nuechterlein, |
| CORPORATION, et al., | *Magistrate Judge.* |
|     *Defendants-Appellees.* | |

**O R D E R**

Constantine Dactelides, a former program director for South Bend Community School Corporation, alleges that the school corporation and two of its employees violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, by

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

discharging him because of his disability, multiple sclerosis. He also alleges that the discharge was in retaliation for filing a charge of discrimination. *See id.* § 12203. The district court (through Magistrate Judge Christopher Nuechterlein, presiding by consent) dismissed the claims against the individual defendants and later granted summary judgment for the school corporation. We affirm the judgment.

Because we are reviewing a grant of summary judgment, we construe all facts and draw all reasonable inferences in favor of Dactelides, the opposing party. *Williams v. City of Chicago*, 733 F.3d 749, 752 (7th Cir. 2013). Dactelides was hired in July 2010 as the director of an academic-enrichment program at two South Bend high schools. The following May his neurologist diagnosed him with multiple sclerosis, and a week later Dactelides informed two colleagues at the school corporation—the director of athletics and a grant writer—of this diagnosis. Two months later, without consulting a supervisor, Dactelides signed an agreement with a program volunteer to hire her as his assistant at a salary of $25,000. The school corporation questioned Dactelides's authority to hire anyone and placed him on paid administrative leave while conducting an investigation. Days after being placed on leave, Dactelides filed a charge of discrimination with the Equal Employment Opportunity Commission and the South Bend Human Rights Commission. He alleged that he "was diagnosed with a disability," placed on paid administrative leave, and "accused of actions against me that are lies and this all started following my diagnosis." The school corporation's superintendent fired him three weeks later, writing in the termination letter that Dactelides had hired an assistant without authorization and refused to cooperate in the investigation of that decision. The superintendent also accused Dactelides of making comments "perceived as hostile, harassing, and threatening," which had "prompted the School Corporation to issue a no trespass notice." And, the superintendent said, Dactelides was responsible for unspecified "numerous other deficiencies." This lawsuit followed.

Dactelides named as defendants two employees—the administrator who previously directed the program and the grant writer—as well as the school corporation (which is not a justiciable entity, so we have corrected the caption to instead name the Board of School Trustees, *see* IND. CODE §§ 20-26-2-2, 20-26-5-4(a)(1)). The district court dismissed the claims against the individual defendants, explaining that they could not be held liable under the ADA. (Dactelides later tried adding two more individuals as defendants, but the district court ruled that he never served either. Dactelides does not challenge this ruling on appeal.)

During discovery the school corporation disclosed that neurologist Robert Shuman, an expert witness, had opined that Dactelides was not afflicted with MS. Dactelides moved to exclude this opinion and requested a *Daubert* hearing to determine its admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). When the school corporation moved for summary judgment without relying on Dr. Shuman's report, the district court reserved ruling on Dactelides's motion.

The district court concluded at summary judgment that Dactelides had not offered direct or circumstantial evidence from which a jury reasonably could find that the school corporation placed him on leave or fired him because of his MS diagnosis.[1] The court reasoned that Dactelides had not established that he was meeting the school corporation's legitimate job expectations or that similarly situated employees without a disability were treated better than he was. Nor, the district court continued, had Dactelides introduced evidence tending to rebut the school corporation's proffered, non-discriminatory reasons for firing him. Thus, the court concluded, Dactelides could not defeat the school corporation's motion for summary judgment under either the direct or indirect methods of proof. The court then denied as moot Dactelides's motion to exclude Dr. Shuman's testimony. Dactelides moved for reconsideration, recusal of the judge, and a change of venue to a judicial district outside the State of Indiana, all of which the district court denied.

Dactelides develops just two arguments on appeal. He first contends that the district court should have granted his *Daubert* motion before ruling on the school corporation's motion for summary judgment. But the school corporation did not rely on

---

[1] The district court also questioned whether Dactelides could prove he was disabled because he had not submitted evidence suggesting that his MS substantially limits a major life activity or that the school corporation regarded him as disabled. *See* 42 U.S.C. § 12102(1). Yet the court did not discuss the 2008 amendments to the ADA or their implementing regulations, which lessened the degree of functional limitation necessary for a plaintiff to be "substantially limited" in a major life activity and, thus, disabled. *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553; 29 C.F.R. § 1630.2(j)(1)(iv); *Mazzeo v. Color Resolutions Int'l, LLC*, No. 12-10250, 2014 WL 1274070, at *4 (11th Cir. Mar. 31, 2014). The school corporation did not dispute that Dactelides had been diagnosed with MS, and according to the implementing regulations, "it should easily be concluded that … . multiple sclerosis substantially limits neurological function." 29 C.F.R. § 1630.2(j)(3)(iii). Thus, Dactelides likely was disabled for purposes of the ADA.

Dr. Shuman's proposed testimony, so the district court had no reason to decide if that testimony would be admissible at trial. Moreover, the grant of summary judgment for the school corporation did not turn on the question whether Dactelides was, or was perceived to be, disabled. Even apart from that question, the district court also concluded that Dactelides had failed to produce direct evidence of discrimination, satisfy other elements of his prima facie case, or rebut the school corporation's nondiscriminatory reasons for terminating his employment. These are independent bases for the grant of summary judgment, which Dactelides does not challenge. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (same).

Dactelides's remaining appellate claim also lacks merit. He contests the district court's ruling that the two employees of the school corporation named as defendants could not be held liable under the ADA. But under the ADA, only an "employer"—"a person engaged in an industry affecting commerce who has 15 or more employees," 42 U.S.C. § 12111(5)(A)—may be liable for employment discrimination. *Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999); *U.S. EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 50–52 (1st Cir. 2011); *Spiegel v. Schulmann*, 604 F.3d 72, 79–80 (2d Cir. 2010) (no individual liability under ADA's retaliation provision). The individual defendants were not themselves Dactelides's employer and therefore cannot be held liable under the ADA.

Accordingly, we AFFIRM the judgment of the district court.